UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
MICHAEL A. CARTER and MEREDITH CARTER,  :

                                      Plaintiffs,  :

                         -against-  :

36 HUDSON ASSOCIATES, LLC, JOSEPH PELL  :
LOMBARDI & ASSOCIATES ARCHITECTS, JOSEPH
PELL LOMBARDI, TRIBECA 22 INVESTMENT LTD.,  :
SERVET HARUNOGLU, ONURHAN HOMRIS, ADG
ARCHITECTURE & DESIGN, P.C.,

                                     Defendants.
------------------------------------------------------------------- x
36 HUDSON ASSOCIATES, LLC,  :

                    Third-Party Plaintiffs,  :

                     -against-  :

FBR CONSTRUCTION GROUP LLC and JAY  :
FURMAN,

                      Third-Party Defendants.  :
-----------------------------------------------------------------x:
FBR CONSTRUCTION GROUP LLC and JAY
FURMAN,  :

                    Fourth-Party Plaintiffs,  :

                   -against-  :

                                          :

L'ABBAYE REAL ESTATE, LLC, DAMO
CONSTRUCTION CO., INC. and ZR CONTINTENTAL  :
CORP.,

                  Fourth-Party Defendants.

------------------------------------------------------------------- x

Index No.: 09-cv4328 (DLC)

**VERIFIED ANSWER TO FOURTH-PARTY COMPLAINT WITH CROSS-CLAIMS AND COUNTERCLAIMS**

Third-Party Index No. 590965/09

Fourth-Party Defendants L'Abbaye Real Estate demands a jury trial

4815-1929-2423.1

Fourth-Party Defendants L'ABBAYE REAL ESTATE, by their attorneys LEWIS BRISBOIS BISGAARD & SMITH LLP, as and for their Verified Answer to the Fourth-Party Complaint, allege upon information and belief:

## AS TO THE PARTIES

1. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "1."

2. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "2."

3. Admit the allegations contained in paragraph "3."

4. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "4."

5. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "5."

## JURISDICTION

6. Admit the allegations contained in paragraph "6."

## AS TO THE FACTS COMMON TO ALL CAUSES OF ACTION

7. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "7."

8. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "8."

9. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "9."

10. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "10."

11. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "11."

12. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "12," except admit that at all relevant times, fourth-party defendant L'Abbaye was the owner of the Mohawk Condominium's commercial unit on the ground floor, in which a restaurant was constructed.

## AS TO THE FIRST CLAIM OF RELIEF

13. Answering fourth-party defendant repeats, reiterates and realleges each and every response as previously set forth in paragraphs "1" through "12" in the plaintiffs Verified Fourth-Party Complaint in response to paragraph "13" of the Verified Fourth-Party Complaint with the same force and effect as if fully set forth at length herein.

14. Deny each and every allegation contained in paragraph "14" as to defendant L'Abbaye Real Estate and deny knowledge or information sufficient to form a belief as to the remainder of the allegations.

15. Deny each and every allegation contained in paragraph "15" as to defendant L'Abbaye Real Estate and deny knowledge or information sufficient to form a belief as to the remainder of the allegations.

16. Deny each and every allegation contained in paragraph "16" as to defendant L'Abbaye Real Estate and deny knowledge or information sufficient to form a belief as to the remainder of the allegations.

17. Deny each and every allegation contained in paragraph "17" as to defendant L'Abbaye Real Estate and deny knowledge or information sufficient to form a belief as to the remainder of the allegations.

## AS TO THE FIRST SECOND CLAIM FOR RELIEF

18. Answering fourth-party defendant repeats, reiterates and realleges each and every response as previously set forth in paragraphs "1" through "15" in the plaintiffs Fourth-Party Complaint in response to paragraph "18" of the Fourth-Party Complaint with the same force and effect as if fully set forth at length herein.

19. Deny each and every allegation contained in paragraph "19" as to defendant L'Abbaye Real Estate and deny knowledge or information sufficient to form a belief as to the remainder..

20. Deny each and every allegation contained in paragraph "20" as to defendant L'Abbaye Real Estate and deny knowledge or information sufficient to form a belief as to the remainder..

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

21. The Fourth-Party Complaint fails to state a claim upon which relief may be granted as against L'ABBAYE REAL ESTATE.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

22. Some or all of the allegations in the Fourth-Party Complaint as against Fourth-Party Defendants L'ABBAYE REAL ESTATE are barred by the applicable statute(s) of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

23. Some or all of the allegations in the Fourth-Party Complaint as against Fourth-Party Defendants L'ABBAYE REAL ESTATE are barred by the doctrines of laches, estoppel, release, waiver, ratification and/or unclean hands.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

24. Fourth-Party Defendants L'ABBAYE REAL ESTATE cannot be found liable for some or all of the allegations in the Fourth-Party Complaint because L'ABBAYE REAL ESTATE had no duty to FBR CONSTRUCTION GROUP LLC or JAY FURMAN or any other party mentioned therein.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

25. Fourth-Party Defendants L'ABBAYE REAL ESTATE cannot be found liable, as Fourth-Party Defendants L'ABBAYE REAL ESTATE breached no duty, because they acted reasonably under the circumstances and complied with all applicable statutes, codes, rules, regulations, industry standards and standards of care.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

26. Fourth-Party Defendants L'ABBAYE REAL ESTATE cannot be found liable, for some or all of the allegations in the Fourth-Party Complaint, as they had no duty, right, obligation and/or authorization to supervise, inspect, direct and/or control the work at issue.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

27.     Fourth-Party Defendants L'ABBAYE REAL ESTATE cannot be found liable for some or all of the allegations in the Fourth-Party Complaint, as Fourth-Party Defendants L'ABBAYE REAL ESTATE had no duty, right, obligation and/or authorization to supervise, inspect, occupy, possess and/or control the location at issue.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

28.     Fourth-Party Defendants L'ABBAYE REAL ESTATE cannot be found liable, as Fourth-Party Defendants L'ABBAYE REAL ESTATE did not proximately cause any of the damages alleged by FBR CONSTRUCTION GROUP LLC or JAY FURMAN or any other party for which FBR CONSTRUCTION GROUP LLC or JAY FURMAN could be liable.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

29.     L'ABBAYE REAL ESTATE cannot be found liable to the extent that FBR CONSTRUCTION GROUP LLC or JAY FURMAN or any other party mentioned therein or other parties caused or contributed to the damages alleged, and/or to the extent that FBR CONSTRUCTION GROUP LLC or JAY FURMAN or any other party mentioned therein or other parties failed to exercise reasonable and ordinary care under the circumstances.

### AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

30.     L'ABBAYE REAL ESTATE cannot be found liable for the allegations in the Fourth-Party Complaint to the extent of lack of privity.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

31.     L'ABBAYE REAL ESTATE cannot be found liable for the allegations in the Fourth-Party Complaint as L'ABBAYE REAL ESTATE was not engaged in any scope of work that caused the alleged damages.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

32.  L'ABBAYE REAL ESTATE cannot be found liable for the allegations in the Fourth-Party Complaint to the extent that FBR CONSTRUCTION GROUP LLC or JAY FURMAN, or another party mentioned therein, lacks standing to bring any of the claims as alleged against L'ABBAYE REAL ESTATE.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

33.  L'ABBAYE REAL ESTATE cannot be held liable to the extent that the damages alleged in the Fourth-Party Complaint were caused by any pre-existing or other site conditions unrelated to the alleged wrongful or neglectful acts or omissions of L'ABBAYE REAL ESTATE, which these Fourth-Party Defendants specifically deny.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

34.  L'ABBAYE REAL ESTATE cannot be found liable for the allegations in the Fourth-Party Complaint to the extent that there was a failure to mitigate the damages alleged.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

35.  L'ABBAYE REAL ESTATE adopt and incorporate any and all other defenses which have been or will be asserted by any and all other parties to this action as if set forth fully herein, and/or any other defenses which become known during the discovery phase of this action.

### AS AND FOR A REPLY TO ALL CROSS-CLAIMS

36.  L'ABBAYE REAL ESTATE deny the truth of each and every allegation contained in the cross-claims of all co-Fourth-Party Defendants, and any and all other parties.

## AS AND FOR A CROSS-CLAIM AGAINST FOURTH-PARTY CO-DEFENDANTS DAMO CONSTRUCTION CO. INC., and ZR CONTINTENTAL CORP.

37. Upon information and belief, that if and in the event plaintiff sustained the injuries and damages complained of, such injuries and damages were caused in whole or in part by reason of the wrongful conduct of the plaintiffs FBR CONSTRUCTION GROUP LLC and JAY FURMAN and/or Fourth-party co-defendants, DAMO CONSTRUCTION CO. INC. and ZR CONTINTENTAL CORP., there being no active or primary wrongdoing on the part of the answering Fourth-party defendants contributing thereto.

38. By reason of the foregoing, the answering Fourth-party defendants are entitled to full indemnity and/or contribution from, and to judgment over and against the Fourth-party co-defendants, DAMO CONSTRUCTION CO. INC. and ZR CONTINTENTAL CORP., for all or part of any verdict or judgment which plaintiff may recover against answering Fourth-party defendants.

## AS AND FOR A COUNTERCLAIM AGAINST FOURTH-PARTY PLAINTIFFS FBR CONSTRUCTION GROUP LLC AND JAY FURMAN

39. If plaintiffs sustained injuries or damages as alleged in the complaint by reason other than their own carelessness, recklessness or negligence, then such injuries or damages were sustained by reason of the carelessness, recklessness and negligence of Fourth-party-plaintiffs FBR CONSTRUCTION GROUP LLC and JAY FURMAN. By reason of the foregoing, if the plaintiffs herein recover against the answering Fourth-party defendants, then the answering Fourth-party defendants will be entitled to contribution and/or indemnification from the Fourth-party plaintiffs, FBR CONSTRUCTION GROUP LLC and JAY FURMAN, and will be entitled to recover the amount of any judgment from the Fourth-party plaintiffs, FBR CONSTRUCTION

GROUP LLC and JAY FURMAN, for their proportionate share commensurate with the respective degrees of negligence of any judgment which might be awarded to the plaintiff.

### AS AND FOR A COUNTERCLAIM AGAINST PLAINTIFFS 36 HUDSON ASSOCIATES LLC, JOSEPH PELL LOMBARDI & ASSOCIATES, ARCHITECTS, JOSEPH PELL LOMBARDI, TRIBECA 22 INVESTMENT LTD., SERVET HARUNOGLU, ONURHAN HOMRIS, ADG ARCHITECTURE & DESIGN, P.C.,

40.    If plaintiff sustained injuries or damages as alleged in the complaint by reason other than his or her own carelessness, recklessness or negligence, then such injuries or damages were sustained by reason of the carelessness, recklessness and negligence of plaintiffs 36 HUDSON ASSOCIATES LLC., JOSEPH PELL LOMBARDI & ASSOCIATES, ARCHITECTS, JOSEPH PELL LOMBARDI, TRIBECA 22 INVESTMENT LTD., SERVET HARUNOGLU, ONURHAN HOMRIS, ADG ARCHITECTURE & DESIGN, P.C. By reason of the foregoing, if the plaintiffs herein recover, then the answering Fourth-party defendants will be entitled to contribution and/or indemnification from said plaintiffs and will be entitled to recover the amount of any judgment from said plaintiffs for their proportionate share commensurate with the respective degrees of negligence of any judgment which might be awarded to the plaintiffs.

WHEREFORE, answering Fourth-party defendants L'ABBAYE REAL ESTATE, by and through their attorneys LEWIS BRISBOIS BISGAARD & SMITH LLP, respectfully demand judgment dismissing the Fourth-Party Complaint together with the costs and disbursements of this action or, in the alternative, in the event that the plaintiff recovers any verdict and/or judgment against the answering Fourth-party defendants, the answering Fourth-party defendants demand judgment over and against the plaintiffs 36 HUDSON ASSOCIATES LLC, JOSEPH PELL LOMBARDI & ASSOCIATES, ARCHITECTS, JOSEPH PELL LOMBARDI,

TRIBECA 22 INVESTMENT LTD., SERVET HARUNOGLU, ONURHAN HOMRIS, ADG ARCHITECTURE & DESIGN, P.C. and/or Fourth-party co-defendants, DAMO CONSTRUCTION CO. INC. and ZR CONTINENTAL CORP., and the Fourth-party plaintiffs, FBR CONSTRUCTION GROUP LLC and JAY FURMAN, over the defendants in whole or in part, in accordance with the cross-claim and counterclaims herein above set forth, together with the costs, disbursements and counsel fees incurred in the defense of this action; and for such other and further relief as to this Honorable Court may seem just, proper and equitable.

Dated: New York, New York
       August 16, 2010

                    Yours, etc.

                    LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
     BRYAN T. SCHWARTZ (BS-3033)
     Attorneys for Fourth-Party Defendants
     **L'ABBAYE REAL ESTATE**
     199 Water Street
     New York, New York 10017-5639
     (212) 232-1300
     File No.: 11509.57