UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MICHAEL A. CARTER and MEREDITH CARTER,                    VERIFIED ANSWER
                                                          TO FOURTH
                Plaintiffs,                                PARTY COMPLAINT

   -against-                                             09-cv-4328(DLC)

36 HUDSON ASSOCIATES, LLC., JOSEPH PELL
LOMBARDI & ASSOCIATES, ARCHITECTS,
JOSEPH PELL LOMBARDI, TRIBECA 22
INVESTMENT LTD., SERVET HARUNOGLU,
ONURHAN HOMRIS, ADG ARCHITECTURE &
DESIGN, P.C.,

                Defendants.
------------------------------------------------------------------X
36 HUDSON ASSOCIATES, LLC.,

                Third Party Plaintiff,

   -against-

FBR CONSTRUCTION GROUP LLC
And JAY FURMAN,

               Third Party Defendants.
------------------------------------------------------------------X
FBR CONSTRUCTION GROUP LLC
And JAY FURMAN,

                Fourth Party Plaintiffs,

   -against-

L'ABBAYE REAL ESTATE, LLC., DAMO
CONSTRUCTION CO, INC. and ZR
CONTINENTAL CORP.,

                Fourth Party Defendants.
------------------------------------------------------------------X

       The Fourth Party Defendant, ZR CONTINENTAL CORP., by its attorneys, HODGES, WALSH & SLATER, LLP, as and for its Verified Answer to Fourth Party Plaintiff's Complaint, upon information and belief, sets for the following:

FIRST: Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "1", "2", "3", "4", "7", "8", "9" and "11" of the Fourth Party Plaintiff's Complaint.

SECOND: Admits each and every allegation contained in paragraph "5" of the Fourth Party Plaintiff's Complaint.

THIRD: Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "6" and "10" of the Fourth Party Plaintiff's Complaint and refers all questions of law to this Court.

FOURTH: Denies each and every allegation as to this answering party contained in paragraph "12" of the Fourth Party Plaintiff's Complaint.

## AS AND FOR A RESPONSE TO THE FIRST CLAIM FOR RELIEF

FIFTH: Fourth Party Defendant, ZR Continental Group, repeats and realleges each and every denial set forth in paragraphs "1" through "12" of Fourth Party Plaintiff's Complaint with the same force and effect as if fully set forth at length herein.

SIXTH: Denies each and every allegation contained in paragraphs "14", "16" and "17" of the Fourth Party Plaintiff's Complaint.

SEVENTH: Denies each and every allegation contained in paragraph "15" and refers all questions of law to this Court.

## AS AND FOR A RESPONSE TO THE SECOND CLAIM FOR RELIEF

EIGHTH: Fourth Party Defendant, ZR Continental Group, repeats and realleges each and every denial set forth in paragraphs "1" through "17" of Fourth

Party Plaintiff's Complaint with the same force and effect as if fully set forth at length herein.

NINTH:   Denies each and every allegation contained in paragraphs "19 "and "20" of the Fourth Party Plaintiff's Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

TENTH:   The Fourth Party Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

ELEVENTH:   The Plaintiff's complaint fails to set forth a claim upon which relief may be granted.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

TWELFTH:   Plaintiffs' alleged damages were not proximately caused by this answering fourth party defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

THIRTEENTH:   Plaintiff has failed to mitigate its damages.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

FOURTEENTH:   Fourth Party Plaintiff has failed to mitigate its damages.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

FIFTEENTH:   Any alleged damages were suffered by reason of the culpable conduct of persons other than this answering fourth party defendant.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

SIXTEENTH:   The plaintiffs' damages, if any, were caused and/or contributed to by reason of the culpable conduct of the plaintiff and the fourth party plaintiff.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

SEVENTEENTH:   This answering fourth party defendant denies the nature and amount of damages alleged in plaintiff's complaint.

### AS AND FOR A CROSS CLAIM AGAINST THE CO-FOURTH PARTY DEFENDANTS, L'ABBAYE REAL ESTATE, LLC. and DAMO CONSTRUCTION CO., INC.

EIGHTEENTH:   That heretofore the Fourth Party Plaintiffs herein commenced an action in the Court against the fourth party defendants to recover damages sustained as alleged in the Verified Fourth Party Complaint the contents of which the Defendants, ZR Continental Corp. begs leave to refer to upon the trial of this action as if the same were set forth herein more particularly at length.

NINETEENTH:   That the Fourth Party Defendant, ZR Continental Corp., denies that it is guilty of fault or responsibility as alleged in the Verified Fourth Party Complaint but alleges that, if this Fourth Party Plaintiff recovers a verdict against these answering fourth party Defendants then this answering fourth party Defendant, on the basis of apportionment of responsibility for the alleged occurrence, is entitled to contribution and/or indemnification from co-fourth party defendants, L'Abbaye Real Estate, LLC and Damo Construction Co., Inc., herein, for all or part of any verdict or judgment that the Fourth Party Plaintiffs may recover against these fourth party Defendants.

### AS AND FOR A COUNTER-CLAIM AGAINST THE FOURTH PARTY PLAINTIFFS, FBR CONSTRUCTION GROUP LLC and JAY FURMAN, THE DEFENDANTS 36

**HUDSON ASSOCIATES, LLC, JOSEPH PELL LOMBARDI & ASSOCIATES, ARCHITECTS, JOSEPH PELL LOMBARDI, TRIBECA 22 INVESTMENT LTD., SERVET HARUNOGLU, ONURHAN HOMRIS, ADG ARCHITECTURE & DESIGN, P.C., AND THE THIRD PARTY PLAINTIFF 36 HUDSON ASSOCIATES, LLC.**

TWENTIETH: That heretofore the plaintiff herein commenced an action in this Court against these answering fourth party defendants to recover damages sustained as alleged in the Complaint, the contents of which this answering fourth-party defendant begs leave to refer to upon the trial of this action as if the same were set forth herein more particularly at length.

TWENTY-FIRST: That this answering fourth-party defendant, denies that it is guilty of fault or responsibility as alleged in the Complaint/fourth party Complaint but alleges that, if the plaintiffs recover a verdict against this answering fourth-party defendant, then this fourth party defendant, on the basis of apportionment of responsibility for the alleged occurrence, is entitled to contribution and/or indemnification from the fourth-party plaintiffs, FBR CONSTRUCTION GROUP LLC and JAY FURMAN , herein, for all or part of any verdict or judgment that the plaintiff may recover.

**WHEREFORE**, this answering fourth party defendant, demands judgment dismissing the Fourth Party Complaint herein, or in the event that the fourth party plaintiffs recover from this answering fourth-party defendant, then and in that event, this fourth-party defendant demands judgment over and against the fourth party plaintiffs, FBR CONSTRUCTION GROUP, LLC and JAY FURMAN, for all or part of said verdict or judgment that the plaintiff may recover, together with the costs and disbursements of this action.

DATED:   White Plains, New York
         September 13, 2010

Yours, etc.,

HODGES, WALSH & SLATER LLP
By:_____
   STEPHEN H. SLATER
Attorneys for Fourth Party Defendant
ZR CONTINENTAL CORP.
55 Church St. – Suite 211
White Plains, N.Y. 10601
(914) 385-6000

## ATTORNEY VERIFICATION

STATE OF NEW YORK          )
                                              SS.:
COUNTY OF WESTCHESTER  )

I, the undersigned, am an attorney admitted to practice in the Courts of the State of New York, and say that : I am the attorney of record for the fourth party defendant ZR Continental Group; I have read the annexed Verified Answer, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters therein not stated upon knowledge, is based upon the following: material in file, information, documents contained in said file.

The reason I make this affirmation instead of the defendant is because the defendant resides outside of the county in which our office is located.

DATED:     White Plains, New York
                 September 14, 2010

_____
STEPHEN H. SLATER